IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PEDRO COLON,                          :
                                      :
                    Petitioner,       :          CIVIL ACTION NO. 19-3475
                                      :
        v.                            :
                                      :
TAMMY FERGUSON, THE DISTRICT          :
ATTORNEY OF THE COUNTY OF             :
LEHIGH, and THE ATTORNEY              :
GENERAL OF THE STATE OF               :
PENNSYLVANIA,                         :
                                      :
                    Respondents.      :

## <u>ORDER</u>

**AND NOW**, this 2nd day of September, 2020, after considering the petition under 28

U.S.C. § 2254 for a writ of habeas corpus filed by the *pro se* petitioner, Pedro Colon (Doc. No. 2),

the response in opposition to the petition filed by the respondents (Doc. No. 11), and United States

Magistrate Judge Richard A. Lloret's report and recommendations (Doc. No. 16), it is hereby

**ORDERED** as follows:

1.      The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and

**RETURN** it to the court's active docket;

2.      The Honorable Richard A. Lloret's report and recommendations (Doc. No. 16) is

**APPROVED** and **ADOPTED**;[1]

---

[1] The court notes that Judge Lloret filed his report and recommendations on June 17, 2020. Due to the clerk's office operating almost entirely remotely during until close to the end of June, the clerk's office did not mail the report and recommendations to the petitioner until June 29, 2020. *See* Unnumbered Docket Entry After Doc. No. 16. Giving the petitioner the additional three days under Rule 6(d) to file objections to the report and recommendations, he had until July 16, 2020, to timely file objections. The court waited more than a month to see if the petitioner filed objections, and he has not done so.
       Since neither party filed objections to Judge Lloret's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the

3.      The petitioner's petition for a writ of habeas corpus (Doc. No. 2) is **DENIED**;

4.      The petitioner has not made a substantial showing of the denial of a constitutional

right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

5.      The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Lloret's report for plain error and has found none.